Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000445
15-OCT-2019
09:08 AM

NO. CAAP-19-0000445


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBINSON FAMILY PARTNERS, Plaintiff-Appellee, v. UNKNOWN HEIRS OR ASSIGNS OF KAILAA, Defendant-Appellee, ROSE KAWAILEHUA KOMOMUA SANBORN; LANCE KAMUELA GOMES, PUNOHU NALIMU KEKAUALUA III, and NOA KANEALIIOPONOI MAU-ESPIRITO, Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 18-1-0154)


ORDER GRANTING AUGUST 12, 2019 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Upon review of (1) Plaintiff-Appellee Robinson Family Partners' (Robinson Family Partners) August 12, 2019 motion to dismiss case number CAAP-19-0000445 for lack of appellate jurisdiction, (2) the lack of any opposition by Defendants-Appellants Rose Kawailehua Komomua Sanborn (Sanborn) and Ponohu Nalimu Kekaualua III (Kekaualua) to Robinson Family Partners' August 12, 2019 motion, and (3) the record, it appears that we lack appellate jurisdiction over Sanborn and Kekaualua's appeal from two interlocutory orders that the Honorable Randal G.B. Valenciano entered on March 28 and May 29, 2019, in Civil No. 18-1-0154, because the circuit court has not yet adjudicated all of the claims in the case or entered an appealable final judgment.

Pursuant to Hawaii Revised Statutes ("HRS") § 641-1(a) (2016) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), an aggrieved party may appeal from a civil circuit court

"only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The March 28 and May 29, 2019 orders are interlocutory, and the record shows that the circuit court is not yet ready to enter final judgment on all claims as to all parties in Civil No. 18-1-0154, or an appealable judgment under HRCP Rule 54(b).

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the March 28 and May 29, 2019 orders do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction over case number CAAP-19-0000445.

Therefore, IT IS HEREBY ORDERED that Robinson Family Partners' August 12, 2019 motion to dismiss case number CAAP-19-0000445 is granted, and case number CAAP-19-0000445 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 15, 2019.

Chief Judge

Associate Judge

Associate Judge

2